IN THE MATTER OF THE LAYING OUT, OPENING AND EXTENSION OF LIVINGSTON STREET, IN THE VILLAGE OF RHINEBECK.

*County judge disqualified from acting — proper mode of removing proceedings to Supreme Court — Code of Civil Procedure, § 342.*

When a special proceeding is pending before a county court, the county judge whereof is disqualified from acting, he cannot make an order directing it to be continued before a justice of the Supreme Court, but should make and file with the county clerk a certificate of the fact of his disqualification.

A proceeding pending in the county court cannot be continued before a justice of the Supreme Court, but must be removed into the Supreme Court.

APPEAL from an order made by Hon. J. F. BARNARD, one of the justices of the Supreme Court, appointing commissioners to assess the damages claimed by the appellant for the taking of her land to open a street in the village of Rhinebeck. The proceedings were instituted under chapter 360 of 1867.

*W. S. Hevenor*, for the appellant.

*A. Wager*, for the trustees, respondent.

DYKMAN, J.:

The trustees of the village of Rhinebeck attempted to exercise the right of eminent domain, given to them by the village charter, "to lay out, open and extend Livingston street."

The proper notice was given that if claim for compensation was made "the said trustees would apply on the 30th day of June, 1879, to the County Court of Dutchess county, for the appointment of commissioners," etc. The appellant filed her claim for damages. A special proceeding was thereupon pending in the County Court. By the charter, having given notice that they would apply to a court, the trustees might proceed before a judge thereof. But the sole record of the proceedings, on June thirtieth, is an order entitled "In Dutchess County Court," commencing "This matter coming on to be heard before this court."

This is conclusive evidence that the application was to the county court, and not to the judge thereof.

The same order established that the county judge was disqualified, and proceeded: "It is ordered that this matter of the appointment of commissioners, by reason of such disqualification of said county court, be and the same hereby is referred to Hon. J. F. BARNARD, justice of the Supreme Court, residing in said county of Dutchess."

This did not effect a removal from the county court, and the subsequent proceedings were *coram non judice*.

A certificate of the disqualification should have been filed in the office of the clerk, and *ipso facto* the proceeding would have been removed to the Supreme Court. (Code Civil Procedure, § 342.)

But on the theory that the application was to the judge, there was no removal, still, the county judge must file the certificate of disqualification. The Supreme Court, if there was a special county judge qualified, might, and if not, must have made an order removing the case to the Supreme Court. (Code, § 342.)

Order appealed from reversed, with costs and disbursements.

PRATT, J.:

This proceeding was originally pending in the county court. The county judge, otherwise than as he constituted the county

court, had no power to entertain the proceeding, for the charter of the village required it to be taken before a court of record, and such requirement is in conformity with a positive provision of the Constitution. (Laws 1867, chap. 360, § 25, Cons. art 1, § 7.) When it was shown that the county judge was incapable to act, he might have filed in the office of the clerk a certificate of the fact, and that would have operated to remove the proceedings into the Supreme Court; or the Supreme Court, on the application of either party, might order such removal. (Code of Civil Procedure, § 342.)

Neither of these courses was taken in this case. The county judge filed no certificate of his disqualification, nor was any order of removal made by the Supreme Court. If the order made by the county judge could be treated as a sufficient certificate, this case contains no evidence of the filing of it.

It is upon the filing of this certificate alone that the removal takes place.

This act, which is essential to confer jurisdiction, therefore is wanting.

Nor was the subsequent proceedings had in the Supreme Court, but before a justice out of court. That was unauthorized. The provisions of the Code of Civil Procedure are explicit on this subject. If the proceeding is pending before the county judge in a case like this, it may be continued before a justice of the Supreme Court. If it is pending in the county court it cannot, but must be removed into the Supreme Court. Inasmuch, therefore, as this proceeding was pending in the county court, and not before the county judge, the continuance of it before Mr. Justice BARNARD was illegal, and the order made by him is void. The omission of the appellant to object to the order of the county judge, referring the matter to Mr. Justice BARNARD, cannot be deemed a waiver of the defect of jurisdiction.

Under the charter of the village it is not necessary, in an application to appoint commissioners, to produce evidence of the determination of the trustees to make a local improvement.

The notice of such determination, proof of publication thereof, and of the claim for damages, are all that is required. (*Supra*, § 25.)

The order appealed from must be reversed, with costs, but without prejudice to any further proceedings.

Present — DYKMAN and PRATT, JJ., BARNARD, P. J., not sitting.

Order reversed, without prejudice to application for new order.